218

**BOARD OF TRUSTEES OF the WEST-ERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Plaintiff,**

v.

**LOOMIS ARMORED CAR, INC., Defendant.**

No. C85–2211D.

United States District Court, W.D. Washington.

Jan. 6, 1986.

Bruce D. Corker, Michael F. Mogan, Perkins Coie, Seattle, Wash., for plaintiff.

Scott B. Henrie, Williams, Lanza, Kastner & Gibb, Bellevue, Wash., for defendant.

## MEMORANDUM AND ORDER

DIMMICK, District Judge.

The Court is presented with an issue of first impression: whether a party may enforce an arbitration award under 29 U.S.C. § 1401(b)(2) before the issue of attorneys' fees has been resolved but after all other issues have been settled.

Plaintiff brings this action to enforce an arbitration award in its favor. Defendant asserts that this action is premature because when plaintiff filed its complaint the arbitrator had not yet resolved the issue of the amount of attorneys' fees to be awarded. Accordingly, defendant moves to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

The Employee Retirement Income Security Act, 29 U.S.C. § 1401(b)(2) provides:

> Upon *completion* of the arbitration proceeding in favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award.

(Emphasis added.) Defendant contends the arbitration proceedings were not "completed" because of the unresolved issue of the amount of attorneys' fees. While there are apparently no cases construing section 1401(b)(2) in this regard, the Court holds that an arbitration award is completed for purposes of this section when the arbitration award resolves all issues except for attorneys' fees and costs. *Cf. Ironworkers Local Union 75 v. Madison Industries, Inc.*, 733 F.2d 656 (9th Cir.1984) (district court judgment on the merits is final and appealable even though a request for attorneys' fees is unresolved).

THEREFORE, defendant's motion to dismiss is DENIED.